

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NO. PD-0517-24

EX PARTE WARREN MCGEE, Appellant

ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIRST COURT OF APPEALS
HARRIS COUNTY

*Per curiam*.

**O P I N I O N**

On November 14, 2022, Harris County Criminal Court at Law No. 16 (the "trial court"), held appellant in contempt and sentenced him to deferred adjudication community supervision for one year.

On January 31, 2023, appellant filed a writ of habeas corpus in the district court (the "habeas court"). Appellant argued that his restraint in the contempt case was illegal and that the contempt judgment was void because it was based upon constitutionally insufficient notice and because deferred adjudication was not available in contempt cases.

On the same day, January 31, 2023, the trial court entered an order dismissing its judgment of contempt. Appellant filed an amended application arguing that it was not

clear that the trial court's dismissal "had any legal effect" because it was questionable whether it "can undo a final judgment a year after finding someone in contempt."

On March 2, 2023, the habeas court held a hearing on appellant's application. In light of the dismissal by the trial court, the habeas court denied relief. Appellant filed a notice of appeal from the habeas court's denial of relief.

The court of appeals dismissed for lack of jurisdiction. *Ex parte McGee*, No. 01-23-00176-CR slip op. (Tex. App.–Houston [1st Dist.] March 28, 2024)(not designated for publication). The court reasoned that because the cause against appellant had been dismissed by the trial court, the premise underlying his habeas application was gone and the legal issues rendered moot. The court also noted that appellant had provided no authority in his habeas petition to support his argument that the trial court's order dismissing the judgment of contempt was without any legal effect, and further stated that the court was aware of no such authority.

Appellant has now filed a petition for discretionary review in which he contends that the court of appeals erred by declining to address the trial court's jurisdiction to dismiss the contempt judgment. Appellant also contends that the court of appeals should have required briefing on the issue. We agree.

The trial court dismissed a judgment it had entered more than two months before. In his habeas application, appellant questioned the legal effect of the trial court's dismissal and the parties discussed the issue at the hearing before the habeas court. The question of jurisdiction was apparent from the record.

Jurisdiction of the convicting court can generally be raised at any time. Moreover, jurisdiction is a systemic requirement and reviewing courts are bound to address it regardless of whether it is raised by the parties. *See Skinner v. State*, 484 S.W.3d 434, 437 (Tex. Crim. App. 2016) ("jurisdiction is a systemic requirement that appellate courts must review regardless of whether the issue is raised by the parties"); *Gallagher v. State*, 690 S.W.2d 587, 588 (Tex. Crim. App. 1985)("question of the jurisdiction of the convicting court may be raised at any time").

The court of appeals is allowed to "submit the case without briefing, if necessary to do substantial justice to the parties." TEX. R. APP. P. 31.1(a). Given that the court of appeals dismissed the case after declining to address the jurisdictional issue because it was not aware of any authority bearing on that issue, briefing was, in fact, necessary.

We grant appellant's petition for discretionary review, vacate the judgment of the court of appeals, and remand this cause to the court of appeals for proceedings consistent with this opinion.

Delivered July 31, 2024
Do not publish